IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY WYATT,
aka RAY RICK WYATT,

        Plaintiff,                    No. CIV S-06-0521 FCD KJM P

    vs.

G. STRATTON, Warden, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25          The court finds the allegations in plaintiff's complaint so vague and conclusory

26  that it is unable to determine whether the current action is frivolous or fails to state a claim for

2

relief.  The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a legitimate deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff is attempting to plead a claim based on medical or mental health care issues, he is informed that in order to state a claim for relief under the Eighth Amendment for denial of adequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble,</u> 429 U.S. 97, 106 (1976).  To the extent, however, plaintiff is challenging his classification as it relates to cell assignment status, his complaint does not state a claim under the civil rights act, for there is no constitutional right to a particular classification in prison.  <u>Moody v. Daggett</u>, 429 U.S. 78, 88, n.9 (1976).

/////

1      In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

5  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9      Plaintiff has requested the appointment of counsel.  The United States Supreme

10  Court has ruled that district courts lack authority to require counsel to represent indigent

11  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

12  certain exceptional circumstances, the court may request the voluntary assistance of counsel

13  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

14  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

15  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

16  counsel will therefore be denied.

17      Accordingly, IT IS HEREBY ORDERED:

18      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19      2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

20  The fee shall be collected and paid in accordance with this court's order to the Director of the

21  California Department of Corrections and Rehabilitation filed concurrently herewith.

22      3.  Plaintiff's complaint is dismissed.

23      4.  Plaintiff is granted thirty days from the date of service of this order to file an

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

26  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

1   an original and two copies of the amended complaint; failure to file an amended complaint in

2   accordance with this order will result in a recommendation that this action be dismissed.

3        5.  Plaintiff's August 18, 2006 request for the appointment of counsel is denied.

4   DATED:  December 11, 2006.

_____
U.S. MAGISTRATE JUDGE

1/bb
wyat0521.14(3.13.06)

5