IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY WYATT,
aka RAY RICK WYATT,

      Plaintiff,                     No. CIV S-06-0521 FCD KJM P

  vs.

G. STRATTON, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 12, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint, or portion thereof, should only be dismissed for failure to state a
9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  The court finds the allegations in plaintiff's amended complaint so vague and
18 conclusory that the amended complaint fails to state a claim upon which relief can be granted.
19 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint
20 must give fair notice and state the elements of the claim plainly and succinctly. Jones v.
21 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at
22 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
23 claim. Id. The amended complaint must be dismissed. The court will, however, grant leave to
24 file a second amended complaint.

25  If plaintiff chooses to file a second amended complaint, plaintiff must
26 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's claims arise from the fact that he has been designated by certain prison officials as acceptable for double cell status.  However, plaintiff has not alleged harm sufficient to state a valid claim for relief.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  If plaintiff chooses to file a second amended complaint, he must, at a minimum, describe the harm he has suffered in more detail.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed;

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

1  complaint must bear the docket number assigned this case and must be labeled "Second
2  Amended Complaint"; plaintiff must file an original and two copies of the second amended
3  complaint; failure to file a second amended complaint in accordance with this order will result in
4  a recommendation that this action be dismissed; and
5                  3. The Clerk of Court is directed to send plaintiff the form for use in filing civil
6  rights actions in this district.
7  DATED: May 14, 2007.

_____
U.S. MAGISTRATE JUDGE

1
wyat0521.14a(2.1.07)

4