IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY WYATT, aka RAY RICK WYATT,

      Plaintiff,

vs.

G. STRATTON, et al.,

      Defendants.

No. CIV S-06-0521 FCD KJM P

FINDINGS & RECOMMENDATIONS

/

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983 against certain California Department of Corrections and Rehabilitation (CDCR) officials. This action is currently proceeding on plaintiff's claims that defendants Stratton, Kernan, McJunkin, Mandeville and Holmes (defendants) violated plaintiff's rights arising under the Eighth and Fourteenth Amendments.[1] Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) asserting that plaintiff's complaint fails to state a claim upon which this court can grant relief.

/////

---

[1] See Order filed December 6, 2007.

1

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

In his second amended complaint, plaintiff asserts that defendants revoked a prior decision granting plaintiff single-cell status.  Plaintiff asserts this resulted in a violation of his Eighth Amendment rights.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  To prove an Eighth Amendment claim for failure to protect an inmate from violence, the inmate must show that he was incarcerated under conditions posing a "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to that risk.  Id. at 834.  In evaluating whether prison officials have been deliberately indifferent to the safety of inmates, courts must show deference to the informed judgment of those officials.  See Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); see also Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir. 1986) ("Choosing the optimal 'prophylactic or preventive measures' to prevent violence and maintain safety is difficult and not readily susceptible to judicial evaluation." (internal citations omitted)).

While plaintiff takes issue with the fact that he was approved for double-celling, nothing in his complaint suggests that he was ever actually double-celled as the result of any decision made by any defendant. Rather when he refused double-celling, it was not forced upon him. Because plaintiff fails to show that any defendant ever caused him to be placed in conditions posing a substantial risk of serious harm, plaintiff's Eighth Amendment claims must be dismissed.

To the extent plaintiff claims his Fourteenth Amendment right to due process was violated by his being approved for double-celling, plaintiff has no constitutional right to have his own cell, Rhodes, 452 U.S. at 346-49, and, therefore, he is not entitled to any sort of Constitutional protection, including due process protection, before single cell status can be removed. Under certain circumstances, the revocation of an accommodation given to a prisoner which is not, by itself, required by the Constitution, is entitled to due process protection. But the revocation of the accommodation must amount to a restraint on liberty, "which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nothing before the court suggests that the double-celling the correctional officials proposed here would have amounted to atypical and significant hardship in the prison context, nor does plaintiff plead as much. Plaintiff was not entitled to any process before his single-cell status was revoked simply because the state had provided plaintiff with single cell status in the past.

Plaintiff also points out that on October 6, 2004, he was disciplined by defendant Holmes for disobeying the order from a correctional officer that he accept a cellmate. The discipline included a thirty day loss of good conduct sentence credit, suspension of his canteen privileges, suspension of physical access to the law library, and loss of his personal property. See Second Am. Compl., Ex. A at 46-49. The restrictions were ordered to remain in place until plaintiff accepted a cellmate. Id. Plaintiff appears to argue that the discipline imposed at the October 6, 2004 proceeding resulted in a violation of his Constitutional rights. However, the

court cannot reach this claim. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 643-46 (1997), the Supreme Court held that an inmate may not proceed with a claim under 42 U.S.C. § 1983 for damages if a favorable outcome of that claim would necessarily imply the invalidity of a revocation of good conduct sentence credit that had not already been deemed invalid in an appropriate proceeding such as an action for writ of habeas corpus.[2]  Nothing before the court suggests the revocation of good time has been invalidated here.

In any case plaintiff has not adequately pled that violation of his Constitutional rights resulted from the punishment he received on October 6, 2004.  Plaintiff does not suggest defendant Holmes violated his right to due process by finding that plaintiff failed to follow the orders of a correctional officer.  Rather, he appears to assert that all defendants violated his right to due process by revoking his single-cell status because that in turn resulted in plaintiff being disciplined in the manner described above.  As indicated above, plaintiff was not entitled to any process at the hearings where it was found he could be double-celled.  Plaintiff's failure to comply with a correctional officer's order to be double-celled after the hearings does not change this conclusion.

For the foregoing reasons, the court will recommend that defendants' motion to dismiss be granted, and this case be closed.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (#28) be granted; and

2. This action be dismissed for failure to state a claim upon which relief can be granted.

/////

/////

---

[2]  The court cannot restore the good time in this civil rights proceeding.  The only type of federal action in which a state inmate can have sentence credit restored is a habeas action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

4

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: February 11, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1
wyat0521.57